# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOSHUA VALDEZ<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY MARTIN, in his individual capacity, as a Rockdale County Sheriff's Department Deputy, and CLIFFORD GARRETT, in his Individual capacity, as a Rockdale County Sheriff's Department Deputy<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

**COMES NOW**, Joshua Valdez (hereinafter "Plaintiff"), by and through his undersigned counsel, and files this complaint for damages ("Complaint") against Zachary Martin ( "Defendant Martin"), in his individual capacity as a Rockdale County Sheriff's Department Deputy, and Clifford Garrett ("Defendant Garret"), in his individual capacity as a Rockdale County Sheriff's Department Deputy (collectively, "Defendants").

# INTRODUCTION

1.

This action arises from the unconstitutionally excessive force Defendants used against Plaintiff, resulting in him suffering severe injuries on May 17, 2022. When Defendants encountered Plaintiff, he was holding a firearm and hiding behind a car. Defendants approached Plaintiff aggressively, then opened fire and shot Plaintiff in the abdomen. At no point did Plaintiff point or aim his weapon or make any physical or verbal threat to Defendants. This action seeks compensatory and punitive damages against Defendants for Plaintiff's injuries.

# JURISDICTION AND VENUE

2.

This action is brought pursuant to 42 U.S.C. § 1983 and 1988 and for the deprivation of rights granted by the United States Constitution. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. §§ 1343 and 1331.

3.

Plaintiff further invokes this Court's supplemental jurisdiction to hear and decide claims arising under state law, pursuant to 28 U.S.C. § 1367.

4.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to this Complaint occurred within this District.

## PARTIES

5.

Plaintiff Joshua Valdez is a resident of the State of Georgia and willfully avails himself to the jurisdiction of this Honorable Court.

6.

At all times relevant hereto, Defendant Zachary Martin is a citizen of the United States and a resident of the State of Georgia and was acting under color of state in his capacity as a law enforcement officer employed by the Rockdale County Sheriff's Office. Defendant Martin is being sued in his individual capacity.

7.

At all times relevant hereto, Defendant Clifford Garrett is a citizen of the United States and a resident of the State of Georgia and was acting under color of state in his capacity as a law enforcement officer employed by the Rockdale County Sheriff's Office. Defendant Garrett is being sued in his individual capacity.

## STATEMENT OF FACTS

8.

Upon information and belief, on May 17, 2022, Plaintiff was standing near a vehicle parked near Alexander Lake Road.

9.

Upon information and belief, Defendants were responding to a 911 call regarding reports of Plaintiff being armed and suicidal earlier that day.

10.

Defendants searched for Plaintiff and inadvertently stumbled upon Plaintiff, who had in his possession a firearm.

11.

Upon information and belief, Defendants had not had any prior interactions with Plaintiff.

12.

Defendants aggressively approached Plaintiff, confusingly shouting orders, then discharged their weapons, shooting Plaintiff in the abdomen.

13.

Plaintiff was immediately incapacitated, suffering catastrophic damage to multiple internal organs, which necessitated life-saving treatment at Grady Memorial Hospital ICU until his discharge on June 6, 2022.

14.

While admitted at Grady Memorial Hospital, Plaintiff was administered emergency sedatives, painkillers, and powerful muscle relaxers to facilitate

treatment, including but not limited to emergency surgeries and breathing tubes, leaving him medically, physically, mentally, and pharmacologically incapacitated.

15.

Throughout Plaintiff's entire admittance at Grady Memorial Hospital, Plaintiff was under the custody, control, and supervision of law enforcement, including but not limited to being restrained to the hospital bed by handcuff(s) as he remained in critical condition.

16.

Law enforcement further restricted contact with Plaintiff and his family throughout the stay at Grady Memorial Hospital.

17.

Plaintiff had a disability in the form of medical incapacitation until June 6, 2022, pursuant to O.C.G.A. § 9-3-90.

18.

Plaintiff's injuries include but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional conduct of Defendants.

19.

Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD-type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares, and flashbacks.

20.

Plaintiff is also entitled to punitive damages on all of his claims against Defendants personally to redress their willful, malicious, wanton, reckless, and fraudulent conduct.

21.

At all times relevant herein, Defendants were Rockdale County Sheriff's Office Deputies and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Georgia pursuant to his authority as a Deputy.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment**

22.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint.

23.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

24.

Plaintiff is a citizen of the United States and each Defendant is a "person" for purposes of 42 U.S.C. § 1983.

25.

At all times relevant hereto, Defendants were acting under the color of state law in their capacity as Rockdale County Sheriff's Department Deputies and their acts or omissions were conducted within the scope of their official duties or employment.

26.

At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force or deadly force.

27.

Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

28.

Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Plaintiff.

29.

Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.  The force used by Defendants shocks the conscience and violated Plaintiff's Fourth Amendment rights.

30.

Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive, and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

31.

The force used by Defendants constituted deadly force in that it could have caused death and did cause serious bodily injury.

32.

Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

33.

Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

34.

The acts or omissions of Defendants were moving forces behind Plaintiff's injuries.

35.

The acts or omissions of Defendants, as described herein, intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

36.

Defendants are not entitled to qualified immunity for their actions.

37.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as

described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

38.

As a further result of Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses, and may continue to incur further medical and other special damages related expenses, in amounts to be established at trial.

39.

On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained extent of his injuries, in amounts to be ascertained at trial.

40.

Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

41.

In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of the individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for Plaintiff and against Defendants and grant:

a) compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

b) economic losses on all claims allowed by law;

c) special damages in an amount to be determined at trial;

d) punitive damages on all claims allowed by law against Defendants in an amount to be determined at trial;

e) attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

f) pre- and post-judgment interest at the lawful rate; and,

g) any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

PLAINTIFF REQUESTS A TRIAL BY JURY.

Respectfully submitted this 24th day of May, 2024.

**GREENE LEGAL GROUP LLC**

By */s/ Reginald A. Greene*
Reginald A. Greene
Georgia Bar No. 308674
Devin R. Horowitz
Georgia Bar No. 551617
Jasmine M. Williams
Georgia Bar No. 117912

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
Tel. 404.574.4308
Fax. 404.574.4312
rgreene@greenelegalgroup.com
dhorowitz@greenelegalgroup.com
jcobbs@greenelegalgroup.com

Counsel for Plaintiff